# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Orlando Ray Vasquez,　　　　　　　　　　　　Civil No. 12-955 (PAM/FLN)

    Plaintiff,

    v.　　　　　　　　　　　　　　　　　　**REPORT & RECOMMENDATION**

Leonard, Todd (Dr.), &
Marty Langenfield (PA-C),

    Defendants.

---

**THIS MATTER** is before the undersigned United States Magistrate Judge on Defendants' motion for summary judgment (ECF No. 39). The matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Defendants' motion be **GRANTED**.

## I. BACKGROUND

Plaintiff Orlando Ray Vasquez has been in the custody of the United States Marshal since March 2011, when he was charged with bank robbery. *See* ECF Nos. 1 & 9 for 11-CR-110. In May 2012, Vasquez pled guilty to bank robbery and escape from a halfway house.[1] Vasquez is currently being detained at Sherburne County jail pending sentencing.

Defendant Todd Leonard is a physician and the medical director of the Sherburne County jail medical unit. Defendant Marty Langenfield, a physician's assistant, works with Leonard in the jail.

Vasquez alleges that he "suffers from mental health issues," including–among other

---

[1] A superseding indictment was filed on May 17, 2011 charging Vasquez with both counts. *See* ECF No. 41 for 11-CR-110.

things–depression. ECF No. 1 at 8. At some point prior to July 2011, Vasquez was prescribed an antidepressant called bupropion, the generic version of Wellbutrin. Leonard Aff. Ex. A at 2, ECF No. 20. According to Leonard, bupropion is a prescription that "has become commonly abused by jail and prison inmates because, when crushed and snorted, it creates a 'high,' much like methamphetamine, albeit milder in intensity." Leonard Aff. ¶ 7, ECF No. 20.

In July 2011, Defendants sent a letter to everyone at Sherburne County jail who had been prescribed bupropion. *Id.* Ex. A at 1. The letter warned that if Defendants "observe[d] any effort, or perceived effort, to hoard, 'cheek',[2] or take this medication in any way other than it is intended, we will assume you no longer require such treatment, and the medication WILL BE DISCONTINUED." *Id.* (capitalization in original). According to Defendants, Vasquez acknowledged receiving this letter. *Id.* Ex. A at 6.

Vasquez has taken bupropion intermittently since July 2011. In August 2011, Defendants terminated his bupropion prescription because he refused to take the entire dosage. *Id.* Ex. A at 2. In December, Vasquez asked to be put back on bupropion and requested a dosage that was double his previous one.[3] *Id.* Ex. A at 3. Defendants granted this request but refused to double his dosage. *Id.* Defendants also prescribed remeron to treat his depression and anxiety.[4]

According to Defendants, in January 2012, a month after restarting his bupropion, Vasquez

---

[2] "To cheek" means "to pretend to swallow the medication." Leonard Aff. ¶ 8, ECF No. 20.

[3] According to Langenfeld, Vasquez took 200 milligrams of bupropion twice a day prior to August 2011. Leonard Aff., Ex. A at 3, ECF No. 20. In December 2011, Vasquez requested 400 milligrams of bupropion twice a day. *Id.*

[4] Vasquez contends that the remeron was for stress, not depression and anxiety. Leonard Aff. ¶ 3, ECF No. 98; ECF No. 54 at 3.

2

was caught cheeking medication. *Id.* Ex. A at 4–6. Vasquez denied attempting to cheek any medication. *Id.* Ex. A at 6–7. Defendants immediately discontinued the bupropion but offered to help "find an alternative that is effective for him" once the bupropion was out of his system. *Id.* Ex. A at 6. Two weeks later, Leonard prescribed Vasquez fluoxetine. *Id.* Ex A at 7. Flouxetine is an antidepressant that Vasquez took while in the custody of the Bureau of Prisons and one that–according to Defendants–Vasquez stated he had been "fairly satisfied with . . . ." *Id.* Vasquez took one dose of fluoxetine and then refused additional dosages due to his concern regarding the medication's potential side effects. Leonard Aff. ¶ 3, ECF No. 98.

In March, Vasquez was "found outside his cell with a sheet hung over his door tied around his neck." *Id.* Ex. A at 10. Vasquez alleges that this was a suicide attempt caused by Defendants' decision to terminate his bupropion prescription. ECF No. 1 at 8. According to Defendants, however, Vasquez denied attempting to commit suicide during two subsequent visits to their clinic. Leonard Aff. Ex. A at 10–12, ECF No. 20. Leonard does not believe that Vasquez is currently a suicide risk. Leonard Aff. ¶ 13, ECF No. 20.

Leonard prescribed Vasquez venlafaxine in March as an alternative to bupropion and fluoxetine. Leonard Aff. ¶ 3, ECF No. 98. Vasquez took the medication for one week but refused to take additional dosages, so Defendants discontinued the medication. *Id.*

In April, Vasquez filed a grievance at the jail in which he stated that he needed to be put back on bupropion prior to a competency hearing that had been scheduled in his underlying criminal case.[5] ECF No. 1, Ex. A. at 2. Leonard responded and noted that because Vasquez's alternative

---

[5] On April 27, 2012, Judge Ericksen found Vasquez competent to stand trial. *See* ECF No. 167 for 11-CR-110. A few weeks later, Vasquez pled guilty to both of the charges against him. *See* ECF No. 173 for 11-CR-110.

medications "have not worked out well," Defendants "requested psychiatric consultation" for him. *Id.* Ex. A at 3. According to Defendants, the Sherburne County jail "is responsible for scheduling appointments with a psychiatrist and transporting inmates to appointments." Leonard Aff. ¶ 4, ECF No. 20. The typical wait time is one to three months. *Id.* ¶ 5.

Vasquez brought this action under 42 U.S.C. § 1983 in April 2012 alleging that Defendants terminated his medication for "reaso[ns] [that] are not clear." ECF No. 1 at 7. He does not identify, however, which of his constitutional rights were allegedly violated by Defendants' conduct. ECF No. 1 at 7. Subsequent to the filing of his complaint, Vasquez asked the Court in several handwritten letters to order Defendants to put him back on "bupropion 450/mg daily" and to "inquire [as to when] Mr. Vasquez will be seen by a psychiatrist."[6] *See* ECF No. 12; *see also* ECF Nos. 13–14. The Court construed those letters as a motion for preliminary injunction and subsequently denied his request. *See* ECF Nos. 16, 28, and 37.

Vasquez met with a psychiatrist in June 2012. *See* ECF No. 20 at 31. In July 2012, Vasquez submitted three sick calls seeking to terminate his remeron prescription. *See* Riethof Aff. Ex. A at 1-7, ECF No. 42; Riethof Aff., Ex. A at 7, ECF No. 20. According to Defendants, Vasquez was then advised that remeron was his "only remaining antidepressant" and that "upon stopping it, his depression will be going untreated." Riethof Aff. Ex. A at 7, ECF No. 42. Despite Defendants' recommendation that he stay on it, Vasquez ultimately decided to terminate his Remeron prescription. *Id; see also* ECF No. 54 at 3. The parties agree that Vasquez's depression is currently untreated. Rietof Aff. Ex. A at 7, ECF No. 42; ECF No. 54 at 3.

---

[6] Vasquez's request for an order "inquir[ing]" as to when he will be seen by a psychiatrist is now moot. In a letter to the Court dated June 21, 2012, Vasquez states that he was recently seen by a psychiatrist and that he is "requesting a court order to be back on [his] medication." *See* Riethof Aff., Ex. D at 2.

4

## II. ANALYSIS

### A. Standard of review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed.R.Civ.P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. Defendants are entitled to judgment as a matter of law.

Vasquez does not identify in his complaint which of his constitutional rights were allegedly violated by Defendants' conduct. The Court construes his complaint liberally, as it must, and concludes that his allegations are most appropriately analyzed under the Eighth Amendment. Prison officials violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To succeed on a deliberate-indifference claim, Vasquez must show: (1) that he suffered from an objectively serious medical need and (2) that Defendants knew of, but deliberately disregarded, that need. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

Assuming, without deciding, that Vasquez's depression constituted an objectively serious

5

medical need, Defendants did not deliberately disregard it. After he was caught cheeking medication, Defendants immediately offered to help him find a substitute medication–one that would be "effective for him." Leonard Aff. Ex. A at 6-7, ECF No. 20. Defendants have prescribed Vasquez at least three substitute medications: fluoxetine, venlafaxine, and remeron. Leonard Aff. ¶ 3, ECF No. 98. Vasquez has voluntarily terminated each of the substitute medications he has been prescribed. A prisoner's "mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Jolly v. Knudsen,* 205 F.3d. 1094, 1096 (8th Cir 2000). On these facts, the Court cannot say that Defendants were deliberately indifferent to Vasquez's depression. His Eighth Amendment claim fails as a matter of law.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that:

1. Defendant's motion for summary judgment (ECF No. 39) should be **GRANTED**;
2. The claims alleged in the complaint should be dismissed with prejudice;
3. The Court should enter judgment accordingly.

DATED: October 22, 2012                    s/ *Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 5, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.